122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence DEE, Defendant-Appellant.
 No. 96-10378.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
Decided Aug. 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-96-046-PCT-SMM; Stephen M. McNamee, District Judge, Presiding.
 Before: SNEED and KLEINFELD, Circuit Judges, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Clarence Dee, a minister of the Navajo Full Gospel Church pled guilty to two counts of abusive sexual contact with a thirteen year old boy. He was sentenced, in part, to one year of supervised release and ordered not to work as a minister or pastor during that time. From that portion of his sentence he timely appealed, claiming his rights under the First Amendment and the Religious Freedom Restoration Act of 1993, ("RFRA"), 42 USC § 2000bb et. seq.[1] , have been violated.
 
 
 3
 Jurisdiction lies under 18 U.S.C. § 3742. Since RFRA is no longer binding law, and since the district court's order was within First Amendment strictures, we affirm.
 
 
 4
 Dee was a minister of the Navajo Full Gospel Church when he sexually abused a thirteen year old boy with whom he had contact through his pastoral duties.[2] In January 1996, he was charged with five counts of abusive sexual contact with the child. On May 24, 1996 Dee plead guilty to two counts pursuant to a written agreement in which he agreed to waive "any right to appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement."
 
 
 5
 Pursuant to the U.S. Sentencing Guidelines Manual § 3B1.3 (1995) the district court sentenced Dee to concurrent terms of 16 months imprisonment and one year of supervised release and imposed a $100 assessment. During the imposition of sentence the district court expressed its concern that Appellant's "duties as a pastor and minister will bring you into contact with people seeking spiritual assistance, and particularly people with children ... and you can't have contact with children ... I'm concerned about the counseling aspect in light of these circumstances." Over the objection of defense counsel the district court ordered that for the term of his supervised release Dee not work as a minister or pastor.
 
 
 6
 We review de novo the question of a waiver of the statutory right of appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 7
 The government argues that Dee's sentence does not violate his constitutional rights and that having waived his right of appeal, he should have "reasonably" known that he would not be allowed, during supervised release, to work in an occupation that allowed him to sexually molest a child.
 
 
 8
 Until Employment Div., Dep't of Human Resources of Oregon v. Smith, 494 U.S. 872, 110 S.Ct. 1595 (1990), the First Amendment prevented governmental limitations on the free exercise of religion unless the government demonstrated a compelling interest which could not be attained by less restrictive means. As the Supreme Court said in Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526 (1972):
 
 
 9
 The essence of all that has been said and written on the subject is that only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion.
 
 
 10
 406 U.S. at 215, 92 S.Ct at 1533 (emphasis added).
 
 
 11
 In Smith the Supreme Court found that the First Amendment does not require the Yoder level of scrutiny:
 
 
 12
 If the "compelling interest" test is to be applied at all, then, it must be applied across the board, to all actions thought to be religiously commanded.... Any society adopting such a system would be courting anarchy ... precisely because we value and protect ... religious divergence, we cannot afford the luxury of deeming presumptively invalid, as applied to the religious objector, every regulation of conduct that does not protect an interest of the highest order.
 
 
 13
 494 U.S. at 888, 110 S.Ct. at 1605.
 
 
 14
 Since the government needs no longer satisfy the less Yoder test, and since the district court's supervised release limitations on Dee's ministry were within the First Amendment, his appeal must fail. Accordingly, the district court's decision below is
 
 
 15
 AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Following oral argument, RFRA was held unconstitutional as beyond Congress' enumerated powers. City of Boerne v. Flores, 521 U.S. ---, 117 S.Ct. 2157 (1997)
 
 
 [2]
 Appellant took the boy on excursions and encouraged him to participate in church youth activities, and a number of acts of sexual abuse occurred during those trips. The Presentence Report indicated that the youth's parents let him go on trips because they trusted Dee and thought he was a good role model for their son